UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AZUGA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FLEET CONNECT SOLUTIONS LLC,<br><br>    Defendant. | Case No. 22-cv-04790-TLT (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 43 |

The trial judge referred discovery disputes to the undersigned.[1] The court can address the disputes in the pending letter brief at ECF No. 43 without oral argument. Civ. L. R. 7-1(b).

Fleet has a pending motion to dismiss for lack of personal jurisdiction and for lack of subject-matter jurisdiction for the non-noticed patents.[2] The parties agreed to conduct jurisdictional discovery during a three-month period ending on February 15, 2023.[3] The motions schedule thus has been staged to allow that discovery: the opposition is due March 1, the reply is due March 15, and the hearing is March 28.[4] On January 9, 2023, in a letter brief addressed to the trial judge's

---

[1] Order – ECF No. 46. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 40.

[3] Letter – ECF No. 38 at 4.

[4] Order – ECF No. 41 at 2.

ORDER – No. 22-cv-04790-TLT (LB)

attention, the parties dispute whether Azuga must respond to Fleet's discovery requests before the trial judge decides a pending jurisdictional motion: Fleet wants merits and jurisdictional discovery because the court set a case-management schedule, and Azuga resists discovery as premature merits discovery. Fleet identified the main reason for allowing discovery as Azuga's failure to move to stay discovery.[5] One day later, on January 10, Azuga formally moved to stay discovery. The docket reflects that the opposition is due February 21, the reply is due February 28, and the hearing is March 21.[6] On January 17, 2023, the trial judge referred discovery to the undersigned.[7]

The trial judge decides stay issues. By contrast, the referral judge's role is to manage standard discovery issues: burden, privilege, work product, and the like. And now, there is a formal motion to stay discovery. Thus, at minimum, the predicate for Fleet's argument in its discovery brief has changed. More fundamentally, again, the court cannot decide the stay issue for merits discovery. But given that the case schedule allows jurisdictional discovery, the court can address disputes about jurisdictional discovery.

The pending letter does not provide enough insight about any dispute about jurisdictional discovery. Fleet cites cases to support its argument that jurisdictional discovery is a two-way street. But it does not explain in the letter brief itself how its discovery requests are jurisdictional (likely because it focused its arguments on Azuga's failure to move to stay). A high-level read of the requests suggests that they are — as Fleet concedes at least in part — aimed at Azuga's factual allegations in the complaint.[8] That merits discovery is deferred until after the trial judge decides the stay issue. If Fleet wants to provide fact context about how specific requests are aimed at jurisdictional facts and can provide support and authority for its entitlement to that discovery, the parties may — after they confer about this order — raise the issue under the dispute procedures in the undersigned's standing order (attached). The procedures in it require, among other things, that

---

[5] Disc. Letter Br. – ECF No. 43 at 1–5.

[6] Mot. – ECF No. 45; Clerk's Notice – ECF No. 45.

[7] Order – ECF No. 46.

[8] Disc. Letter Br. – ECF No. 43 at 1–3 (collecting cases about when defendants can obtain jurisdictional discovery from plaintiffs).

if a meet-and-confer by other means does not resolve the parties' dispute, lead counsel for the parties must meet and confer in person (if counsel are local) and at least by video conference otherwise and then submit a joint letter brief with information about any unresolved disputes. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions — General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether future proceedings are necessary, including any further briefing or argument.

The court adds that it read the electronic docket, including the motion to dismiss and the recounting in CMC filings of the litigation in other districts. Assuming that discovery really is geared toward merits discovery, a practical, cost-effective, and efficient option might be for the parties to defer their discovery disputes until after the trial judge decides the pending motions.

**IT IS SO ORDERED.**

Dated: January 20, 2023

_____
LAUREL BEELER
United States Magistrate Judge